UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**URSULA ANTONINA MARTINEZ,**

       **Plaintiff,**                 CIVIL ACTION NO. 19-cv-11816

       v.                              DISTRICT JUDGE DAVID M. LAWSON

**CAESAR KKK HAINE**            MAGISTRATE JUDGE MONA K. MAJZOUB
**RELIGIEUSEMEN, CHILDREN OF**
**SULTAN RELIGIEUSEMEN, and**
**ASILLIAN RELIGIEUSEMEN,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**      **RECOMMENDATION**

For the reasons that follow, it is recommended that this matter be **DISMISSED** in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**II.**      **REPORT**

Plaintiff Ursula Antonina Martinez, proceeding *pro se* and *in forma pauperis*, filed a Complaint for a Civil Case against Defendants "Haine religieusemen," "Children of Sultan religieusemen," and "Asillian religieusemen" on June 19, 2019. (ECF No. 1.) Plaintiff amended the Complaint the next day to rename Defendant "Haine religieusemen" as "Caesar KKK Haine Religieusemen." (ECF No. 5.) Plaintiff believes that Defendants, at her birth, plotted to and executed plans to place a conservatorship over her family and give the illusion that her family is part of Defendants' religious groups. (ECF No. 1, PageID.3.) Plaintiff asserts a "Breach of 1949

Treaty" as a basis for federal question jurisdiction. (ECF No. 1, PageID.4.) She also asserts diversity of citizenship as a basis for jurisdiction but lists her state of citizenship as "RUE EMPIRE" and fails to allege the citizenship of Defendant "Asillian religieusemen" or an amount in controversy. (ECF No. 1, PageID.3-6.) Plaintiff's Statement of Claim is reproduced verbatim below:

> The description of the word war is a campaign of rape and stealing embryos from Wyk men and Wyk women Martinez women and men. I find it very offensive that manifestos were written as an attempt to justify rape and theft of reproductive under the guise of WAR. <u>WE</u> have been murdered, targeted, marked and Lied on while the entire world watches and waits on their shipment of fertilized embryos. PARHARY and Rama are being held hostage 1000 years by Caesar (KuKuxKlan) leader of the religious groups. The individuals that have been holding Rama and PARHARY hostage aren't their kids. The real Martinez bioqikue doesn't recieve shipments of embryos, uterus' and reproductive. The Netherlands and Switzerland were designated safe areas for the Martinez bioqikue, myself and my sisters and relatives. The areas were designated as such by my bioqikue. The purpose was to notify the world over and over again to stop targetin MARKING and telling lies to justify stealing

(ECF No. 1, PageID.6 (grammatical and typographical errors in original).) Plaintiff does not indicate what damages or other relief she seeks. Instead, she asserts that "Rama and ParHary don't belong in hell[;] they and their family has [sic] been robbed and lied on for thousands of years." (ECF No. 1, PageID.7.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court has a duty to dismiss at any time a case in which the plaintiff is proceeding *in forma pauperis* if it determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law or fact if it contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). A complaint

fails to state a claim on which relief may be granted if fails to contain facts sufficient to state a claim to relief that is plausible on its face. *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The undersigned notes that "*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted). Even so, a *pro se* plaintiff's complaint must meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff's factual allegations in this case are "fantastic and delusional." *See Brown v. Bargery, supra.* And to the extent that Plaintiff's assertion of a "Breach of 1949 Treaty" could be construed as a claim under the Geneva Convention, the claim lacks merit. The Geneva Convention codifies the law of war and generally "does not create a private right of action for private individuals to enforce its terms." *Mize v. U.S. Marshal Serv.*, No. 1:14-CV-171-GNS, 2015 WL 1977656, at *2 (W.D. Ky. May 1, 2015) (citing *Kadic v. Karadzic,* 70 F.3d 232, 242 (2d Cir. 1995); *Nattah v. Bush*, 770 F. Supp. 2d 193, 204 (D.D.C. 2011)). *See also Huynh Thi Anh v. Levi,* 586 F.2d 625, 629 (6th Cir. 1978) (Geneva Convention "do[es] not create a private right of action for aliens in the federal courts."). The exception lies under Article Three of the Geneva Convention, which can provide prisoners of war with a claim against the government in a habeas action. *Nattah v. Bush*, 541 F. Supp. 2d 223, 233 n.9 (D.D.C. 2008), *aff'd in part, rev'd in part on other grounds and remanded*, 605 F.3d 1052 (D.C. Cir. 2010) (citing *Hamdan v. Rumsfeld,* 548 U.S. 557 (2006)). But Plaintiff is not a prisoner of war, Defendants are not government entities, and this case is not a habeas action. Accordingly, the Geneva Convention is inapplicable here. Plaintiff's Complaint otherwise fails to suggest any legitimate basis for relief or set forth facts

3

sufficient to state a plausible claim against Defendants. This case should therefore be dismissed for failure to state a claim as required by 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  November 25, 2019        s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Ursula Antonina Martinez on this date.

Dated: November 25, 2019        s/ Leanne Hosking
                                                      Case Manager